No. ——

First Circuit

## HUGHES & CO., INC., v. BUILLARD

(January 28, 1926, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Evidence—Par. 197.**

Correspondence between the parties to a contract is properly admissible in evidence to show that allowance for loss due to bad condition of vinegar delivered was made to the buyer by the seller.

2. **Louisiana Digest—Obligations—Par. 162.**

After one has received vinegar and made several payments to the seller without complaining of the bad condition of the barrels, he cannot claim damages from the seller on account of this bad condition.

Appeal from Parsih of St. Martin. Hon. James Simon, Judge.

Action by R. M. Hughes & Co., Inc., vs. Edmond Buillard, Proprietor Evangeline Pepper Products.

There was judgment for plaintiff and defendant appealed.

Plaintiff asked for an increase.

Judgment affirmed.

Voorhies & Labbe, of Lafayette, attorneys for plaintiff, appellee.

Robert Martin, of St. Martinville, and J. L. Kennedy, of Lafayette, attorneys for defendant, appellant.

MOUTON, J.  Plaintiff sold seventy barrels of vinegar to defendant for $934.50, upon which several payments were made, leaving a balance of $375.00, for which plaintiff· prays for judgment with legal interest.  The lower court rendered judgment for plaintiff for $175.00.

Defendant appeals.

Plaintiff, in this court, prays for an increase in the judgment to the amount originally claimed.

Counsel for plaintiff in their brief raise several questions in reference to the admissibility of parol proof to affect written evidence as to an unaccepted offer for a compromise, questions of redhibition for the reduction of the price of sale, and as to a demand in damages by the buyer, unless the seller· knew of the vice of the thing sold, and has omitted to declare it. The record shows that the vinegar reached St. Martinville, the point of destination, about June 1, 1923.  In a letter of June 5, 1923, addressed to plaintiff, defendant complained that many of the barrels in which the vinegar was. stored had their staves broken, and were in a leaky condition. In another letter of August 3, 1923, he reiterated his complaint about the broken staves on the barrels, and in which he said he would, as soon as possible return

them because they could not be used for peppers.  In answer to this second letter, plaintiff company on August 6, 1923, requested defendant not to ship the barrels back until it had made inquiries from the mill, which we presume had constructed the barrels.  This letter from plaintiff company shows clearly that it had taken notice of defendant's complaint in reference to the condition of the barrels.  October 2, 1923, plaintiff wrote defendant as follows:

"In line with our request of September 17, would you not let us have a check to clean up the balance, and in the final adjustment take credit for $200.00, leaving only a balance of $275.00?"

This letter is not written in a spirit of compromise but carries with it an admission that plaintiff would allow defendant a credit on his claim of $200.00, thus leaving the balance therein. stated.  Later, on December 11, 1923, plaintiff company wrote another letter to defendant, in which it says:

"We were unavoidably delayed in acknowledging receipt of your letter of the 1st inst., enclosing check for $100.00.

"We are sorry we cannot pass to your credit the item of $175.00 on your statement.  The shipment was made in good order and you accepted it from the transportation company without exception, and our allowance of $200.00 for loss after you had the goods in your possession from May to August without complaint is as liberal as we can make.

"We must therefore ask that you let us have a check promptly to cover this balance of $175.00 now long overdue."

In the letter of October 2 plaintiff, after stating that credit of $200.00 would be applied on final settlement, fixed the balance of the debt at $275.00.  In the later letter of December 11, plaintiff acknowledges a receipt by check from defendant of $100.00 which naturally had reduced the amount from $275.00 to $175.00, to which it therein

refers, as being long overdue. In the letter of December 11, plaintiff distinctly states that it had recognized an allowance to defendant of $200.00 for loss, after he had the goods from May to August. Such a letter as this, and the preceding one of October 2, cannot possibly be construed as an offer for a compromise. Viewed in the light of the correspondence between plaintiff and defendant, these letters unquestionably show that the reduction the plaintiff was making on his claim was based on the complaint entered by defendant in reference to the condition of the barrels. The liability of the defendant was thereby fixed at $175.00, and makes it unnecessary for us to pass on the various questions of law discussed in the brief of counsel for plaintiff hereinabove referred to.

Defendant in his answer claims damages in the sum of $375.00 on account of the bad condition of the barrels of which he complains. The proof shows that after receiving the vinegar he made several payments to plaintiff company. He evidently knew of the condition of the barrels prior to the date of these payments. His belated complaint does not support the claim he makes. The reduction made by plaintiff was amply sufficient. The judgment is in accordance with this reduction, and is correct.